**Tjandra SEWIDJAJA, Petitioner,**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 06–4867.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) March 10, 2008.

Filed: April 2, 2008.

Alfonso Caprara, Philadelphia, PA, for Petitioner.

Robert A. Zauzmer, Peter D. Hardy, Office of United States Attorney, Philadelphia, PA, Richard M. Evans, Paul Fiorino, United States Department of Justice Of-

---

fice of Immigration Litigation, Washington, DC, for Respondent.

Before: FUENTES, CHAGARES, and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

Tjandra Sewidjaja, an ethnically Chinese Christian Indonesian citizen, seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA"), dated October 31, 2006, affirming the immigration judge's ("IJ") oral decision of June 3, 2005.[1] For the reasons that follow, the petition will be denied.

Sewidjaja entered the United States on a non-immigrant visa in 1999 and overstayed his visa without authorization from INS. The government initiated removal proceedings against Sewidjaja by serving him with a Notice to Appear on March 23, 2003. Sewidjaja applied for relief in the form of asylum, withholding of removal and protection under the Convention Against Torture ("CAT"), claiming that he was targeted for abuse in Indonesia because of his Chinese ancestry.

At the hearing on his petition, Sewidjaja conceded that his petition for asylum was not timely filed and proceeded only with his petition for relief of withholding of removal and protection under CAT. He testified that when he was in third grade, a group of teenagers demanded money from him and his friends while they were walking home, calling them "Chinese." He explained that they tried to run away but the teenagers caught one of his friends and beat him up, and at that point, Sewidjaja gave them all his money. They did not tell the police or get treated in a hospital. Next, he testified that he was shunned in high school because of his ethnicity. He testified that his teacher accused him of cheating, when, in fact, an Indonesian student was cheating off of him. After graduation, he took over his parents' store. He testified that his Indonesian employees stole from him and after he confronted them, they quit. Several days later, drunk friends of the ex-employees showed up at the store and vandalized it. He claims that the police told him to compensate the employees in order to keep the peace. Next, he testified that on a trip to visit his girlfriend, he had to hide in her house for three days while six churches in her town were burned by Muslim Indonesians. Finally, he testified that he was the victim of a mob attack on his store, an event which was broken up by the police.

After the hearing, the IJ rendered his oral decision, noting that Sewidjaja had conceded that he could not pursue his asylum claim. The IJ found Sewidjaja had testified credibly. However, the IJ held that he had not "presented evidence to reflect that he has ever been persecuted in the past or that there exists the clear probability of any future persecution if he is returned to Indonesia." (App. at 35.) The judge held that even if the events he described had been motivated by the fact that he was Chinese, none of them were sufficiently severe to qualify as persecution, citing to *Lie v. Ashcroft*, 396 F.3d 530 (3d Cir.2005). The IJ also held that Sewidjaja failed to show that he would suffer future persecution if he were returned to Indonesia, finding no evidence that he would be singled out for persecution and no evidence that the Indonesian government persecutes ethnic Chinese citizens. Accordingly, the IJ denied Sewidjaja all forms of relief.

▮▮▮▮ On appeal to the BIA, the BIA affirmed the decision of the IJ in a *per*

1. The BIA's jurisdiction arose under 8 C.F.R. §§ 1003.1(b)(3), 1240.15, and 1240.53, which grant the BIA appellate jurisdiction over the decisions of IJs in removal proceedings. We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(b)(2).

*curiam* decision. The BIA held that Sewidjaja did not demonstrate a legal excuse for his late filing of his asylum petition. Next, the BIA found that his brief on appeal was "generic" and did not "relate to the facts of this case." (App. at 2.) Finding that Sewidjaja had not articulated any reason for reversing the IJ, the BIA dismissed the appeal.

On appeal to this Court, Sewidjaja argues that the IJ's decision must be overturned because he has a well-founded fear of future persecution. However, his brief is completely devoid of facts specific to his case. We do not have jurisdiction to review determinations of untimeliness. 8 U.S.C. § 1158(a)(3). He also presents no basis on which this Court could conclude that the decision to deny the other forms of relief sought was error.

We conclude that the BIA's decision is supported by substantial evidence, and, accordingly, the petition will be denied.